**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

RODNEY BROWN,
                                        Plaintiff,

              v.                                                    No. 08-CV-1154
                                                                   (LEK/DRH)
WILLIAM LUPE, Superintendent,
Coxsackie Correctional Facility;
BRIANT FISHER, Commissioner

                                        Defendants.

_____

**APPEARANCES:**                                 **OF COUNSEL:**

RODNEY BROWN
Plaintiff Pro Se
07-A-4616
Coxsackie Correctional Facility
Post Office Box 999
Coxsackie, New York 12821

HON. ANDREW M. CUOMO                      JEFFREY P. MANS, ESQ.
Attorney General for the                  Assistant Attorney General
   State of New York
Attorney for Defendant Goord
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

       Plaintiff pro se Rodney Brown ("Brown"), an inmate in the custody of the New York

State Department of Correctional Services ("DOCS"), filed a complaint on October 27, 2008

seeking to recover damages pursuant to the Civil Rights Act, 42 U.S.C. § 1983, against

_____

       [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

defendants, two DOCS employees.  Compl. (Docket No. 1).  From the complaint, it appears

Brown alleges that his due process rights have been infringed in violation of the Fourteenth

Amendment because defendants have failed to place him into the CASAT program,[2] which

was a term of his state court sentence.

## II. Discussion

### A.  In Forma Pauperis Application

Brown moves to proceed with this action in forma pauperis.  After reviewing the entire

file, the Court finds that Brown may properly proceed with this matter in forma pauperis.

### B.  The Complaint

Section 1915(e) of Title 28 of the United States Code directs that when a plaintiff seeks

to proceed in forma pauperis, "the court shall dismiss the case at any time if the court

determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to

determine that a plaintiff may properly maintain his complaint before permitting him to

proceed with his action.

Additionally, pursuant to 28 U.S.C. § 1915A,

> The court shall review . . . a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or

---

[2] "The 'CASAT Residential Treatment Facility Program' permits inmates to reside entirely outside the prison, with their only supervision coming through their treatment counselors and parole officers."  Cuomo v. Barr, 7 F.3d 17, 19 (2d Cir. 1993)

2

employee of a governmental entity . . . [and] dismiss the complaint .
. . if . . . [it] (1) is frivolous, malicious, or fails to state a claim upon
which relief may be granted; or (2) seeks monetary relief from a
defendant who is immune from such relief.

28 U.S.C. §§ 1915A(a) & (b).

Brown brings this action pursuant to 42 U.S.C. § 1983. "'[P]ersonal involvement of

defendants in alleged constitutional deprivations is a prerequisite to an award of damages

under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of

Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)).  Thus, supervisory officials may not be held

liable merely because they held a position of authority.  Id.; Black v. Coughlin, 76 F.3d 72,

74 (2d Cir. 1996).  However, supervisory personnel may be considered "personally

involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation,
> (2) the defendant, after being informed of the violation through a report or
> appeal, failed to remedy the wrong, (3) the defendant created a policy or
> custom under which unconstitutional practices occurred, or allowed the
> continuance of such a policy or custom, (4) the defendant was grossly
> negligent in supervising subordinates who committed the wrongful acts, or (5)
> the defendant exhibited deliberate indifference to the rights of inmates by
> failing to act on information indicating that unconstitutional acts were
> occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319,

323-24 (2d Cir. 1986)).

In this case, the named defendants cannot be held liable solely because they held

supervisory positions.  Brown does not specifically contend that the named defendants

were directly involved or had knowledge of the alleged constitutional violations.  However,

even viewing the complaint in the light most favorable to Brown, the complaint still lacks any

allegation of direct involvement or knowledge by any named defendant.  Additionally, Brown

3

fails to allege that there was any negligent supervision by any defendant, defendants created a hiring or retention policy which allowed constitutional violations to continue, or that defendants were grossly negligent in managing their subordinates.  Thus, Brown has failed to allege defendants' personal involvement which is a prerequisite to filing a § 1983 suit.

Additionally, an action commenced pursuant to § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government.  42 U.S.C. § 1983.  Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right.  See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1, 19 (1981).  In this case, Brown contends that he has not been timely placed in the CASAT program.  However, inmates do not have a constitutional right to any particular program.  See Antonucci v. David, No. 03-CV-653 (FJS/DEP), 2006 WL 2265028, at *6 (N.D.N.Y. Aug. 7, 2006).  Accordingly, since Brown has not sufficiently alleged the deprivation of a federal or constitutional right, he has failed to state a claim under § 1983.

Therefore, a review of Brown's complaint pursuant to §§ 1915 and 1915A indicates that the complaint fails to allege any defendant's personally involvement in the alleged constitutional deprivation and that the complaint fails to state a claim upon which relief can be granted.  Thus, no amendment to the complaint could state a sufficient claim based on these circumstances.  Given these facts, it is hereby

**RECOMMENDED**, that the complaint be dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Date:  November 14, 2008
        Albany, New York

_____
David R. Homer
U.S. Magistrate Judge