UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RODNEY BROWN,

                        Plaintiff,

    v.                                                   9:08-CV-1154 (LEK/ DRH)

WILLIAM LAPE, Superintendent,
Coxsackie Correctional Facility;
BRIAN FISCHER, Commissioner,

                        Defendant.

## DECISION AND ORDER

       This matter comes before the Court following a Report-Recommendation filed on November 14, 2008 by the Honorable David R. Homer, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Report-Rec. (Dkt. No. 9).  After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Rodney Brown, which were filed on December 1, 2008.  Objections (Dkt. No. 10).

       It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).  "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein.

1

Additionally, Plaintiff's Letter Motion for Preliminary Injunction/Temporary Restraining Order (Dkt. No. 4) and Motion for Preliminary Injunction/Temporary Restraining Order (Dkt. No. 8) must be denied. In order for a court to grant a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a), the party seeking the injunction must show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." NXIVM Corp. v. Ross Institute, 364 F.3d 471, 476 (2d. Cir. 2004). Irreparable harm is characterized "as certain and imminent harm for which a monetary award does not adequately compensate." Wisdom Import Sales Co. v. Labatt Brewing Co., 339 F.3d 101, 113-14 (2d Cir. 2003). Merely speculative harm is insufficient to establish irreparable harm. See Tom Doherty Associates, Inc. v. Saban Entertainment, Inc., 60 F.3d 27, 37 (2d Cir. 1995). Additionally, a movant's failure to meet his burden of establishing irreparable harm is alone sufficient for a court to deny injunctive relief. Lanvin, Inc. v. Colonia, Inc., 739 F. Supp. 182, 192 (S.D.N.Y. 1990). The burden on a party seeking a preliminary injunction is especially heavy and "absent a clear showing that the movant has met its burden of proof," the motion will be denied. Fisher v. Goord, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (internal quotations omitted).

In the present case, Plaintiff seeks a preliminary injunction for what are merely speculative harms. The conclusory allegations made by the Plaintiff are insufficient to establish that irreparable harm will result if his motions are not granted. While failure to establish irreparable harm is alone fatal to the Plaintiff's Motion, he also fails to even address the second prong necessary to meet his burden. Moreover, in his second Motion for injunctive relief (Dkt. No. 8), Plaintiff requests that he be removed from Coxsackie Correctional Facility and placed in a different facility. That requested

relief is now moot, as Plaintiff has been transferred to Riverview Correctional Facility.  <u>See</u> Notice of Change of Address by Rodney Brown (Dkt. No. 12).  Accordingly, Plaintiff has failed to meet his burden and the Motions for injunctive relief must be denied.

Based on the foregoing, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 9) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that the Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED**, that the Plaintiff's Letter Motion for Preliminary Injunction/Temporary Restraining Order (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED**, that the Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED**, that the Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:      January 29, 2009
            Albany, New York

Lawrence E. Kahn
U.S. District Judge

3